# FEDERAL PUBLIC DEFENDER
### Southern District of Florida
www.fpdsouthflorida.org

**Hector A. Dopico**
**Federal Public Defender**

Location: <u>Miami</u>

**Helaine B. Batoff**
**Chief Assistant**

<u>Miami:</u>

**Abigail Becker**
**Christian Dunham**
**R. D'Arsey Houlihan**
**Bunmi Lomax**
  **Supervising Attorneys**

Helene Barthelemy
Sowmya Bharathi
Elizabeth Blair
Eboni Blenman
Micki Bloom
Anshu Budhrani
Paul Carson
Michael Caruso
Eric Cohen
Tracy Dreispul
MaeAnn Dunker
Daniel L. Ecarius
Sogol Ghomeshi
Jean-Pierre Gilbert
Alexandra Hoffman
Srilekha Jayanthi
Ashley Kay
Evan Kuhl
Ian McDonald
Kate Mollison
Leticia Olivera
Ta'Ronce Stowes
Marisa Taney
Kate Taylor
Victor Van Dyke

<u>Ft. Lauderdale:</u>

**Robert N. Berube**
  **Branch Supervisor**
**Bernardo Lopez,**
  **Supervising Attorney**

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Allari Dominguez
Margaret Y. Foldes
Sara Kane
Jan C. Smith
Wesley Wallace

<u>West Palm Beach:</u>

**Peter Birch,**
  **Branch Supervisor**

Robert E. Adler
Lori  Barrist
Scott Berry
Caroline McCrae
Kristy Militello

<u>Fort Pierce:</u>

Kafahni Nkrumah
Renee Sihvola

September 25, 2025

David. J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:      *United States v. Gilbert*, No. 20-12010
        Letter of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Mr. Smith:

Mr. Gilbert submits this letter to draw the Court's attention to *Brown v. United States*, 602 U.S. 101 (2024), which supports his argument that in his drug overbreadth challenge, a case/prosecution is not required to meet the realistic probability standard.[1]

*Brown* involved a cocaine derivative called [$^{123}$I]ioflupane. Between 2015 and 2017, the Federal and Florida definitions of cocaine diverged because Fla Stat. §893.03(2)(a)(4) included [$^{123}$I]ioflupane, while the Federal definition did not. *Id.* at 107–08.

In its analysis, the *Brown* majority acknowledged that, where there is a clear statutory mismatch involving a real substance, the statute is rendered categorically overbroad and cannot serve as an ACCA predicate. *Id.* at 109–10. This is so "even though it is highly unlikely that any [Florida cocaine-related convictions] were based on the possession or sale of [[$^{123}$I]ioflupane]" and no case reports involving individuals misusing [$^{123}$I]ioflupane had been identified. *Id.*

---

[1] As previously noted, the government did not argue realistic probability in the district court or in its brief, and the Court therefore should deem it waived and abandoned.

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 250 South Australian Avenue | 109 North 2nd Street |
| Suite 1700 | Suite 1100 | Suite 400 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | Fax: (561) 247-7094 | |

In other words, consistent with *Taylor*, *Eason*, *Chamu*, and *Said* (cited in ECF Nos. 77 & 78), where there is a clear statutory mismatch involving a real substance—be it the cocaine derivative [$^{123}$I]ioflupane or non-geometric, non-optical stereoisomers of cocaine—the statute is categorically overbroad and cannot serve as an ACCA predicate.

Moreover, this Court is not bound by its prior rejection of an unpreserved drug overbreadth claim in a plain error case. *See United States v. Horne*, 129 F.4th 1275, 1297–98 (11th Cir. 2025) (where the issue was preserved below, Court is not bound by prior panel precedent rejecting the same argument under plain error).

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

*/s/ Kate Taylor*
Kate Taylor
Assistant Federal Public Defender

cc: AUSA Alexandra Bailey