**U.S. Department of Justice**

United States Attorney
Southern District of Florida

*99 N.E. 4 Street*
*Miami, FL 33132*
*(561) 598-6531 - Telephone*

July 13, 2026

David J. Smith, Clerk of the Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re: *United States v. Shirahn Gilbert*, Case No. 20-12010-X**
**Government's Response to Gilbert's July 10, 2026 Letter of Supplemental Authority**

To the Court:

This Court's decision in *United States v. Carter*, -- F.4th ---, 2026 WL 1944039 (11th Cir. July 6, 2026), does not support Gilbert's position.

In *Carter*, this Court assumed the defendant had shown a mismatch between Georgia's and the federal definition of cocaine because Georgia's definition of "controlled substance" further limited its cocaine definition to substances that qualify as controlled substances under federal law. *Id.* at *5 (citing O.C.G.C. § 16-13-21(4)). Because Georgia's controlled substance definition made any alleged mismatch between cocaine's "stereoisomers" under Georgia law and its "optical and geometric" isomers under federal law meaningless, it was unnecessary for this Court to determine whether Georgia's definition of cocaine was overbroad. *Id.* at *5–6.

Thus, *Carter* does not bear on the question here—whether there is a realistic probability that Florida would apply Fla. Stat. § 893.13(1)(a) to conduct with respect to cocaine that falls outside of the federal definition.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*/s/ Alexandra Bailey*
Alexandra Bailey
Assistant United States Attorney

cc: Kathleen Taylor, AFPD, counsel for Gilbert (by CM/ECF)