**FEDERAL PUBLIC DEFENDER**
Southern District of Florida
www.fpdsouthflorida.org

**Hector A. Dopico**
**Federal Public Defender**

Location: Miami

**Helaine B. Batoff**
**Chief Assistant**

Miami:

**Abigail Becker**
**Christian Dunham**
**R. D'Arsey Houlihan**
**Bunmi Lomax**
**Supervising Attorneys**

Helene Barthelemy
Sowmya Bharathi
Elizabeth Blair
Eboni Blenman
Micki Bloom
Anshu Budhrani
Paul Carson
Michael Caruso
Eric Cohen
Tracy Dreispul
MaeAnn Dunker
Daniel L. Ecarius
Sogol Ghomeshi
Jean-Pierre Gilbert
Alexandra Hoffman
Srilekha Jayanthi
Ashley Kay
Evan Kuhl
Ian McDonald
Kate Mollison
Leticia Olivera
Marisa Taney
Kate Taylor

Ft. Lauderdale:

**Jan C. Smith,**
**Branch Supervisor**
**Bernardo Lopez,**
**Supervising Attorney**

Andrew Adler
Huda Ajlani-Macri
Lori Barrist
Janice Bergmann
Brenda G. Bryn
Allari Dominguez
Margaret Y. Foldes
Kyle Gaines
Sara Kane
Ta'Ronce Stowes
Wesley Wallace

West Palm Beach:

**Peter Birch,**
**Branch Supervisor**

Scott Berry
Caroline McCrae
Kristy Militello

Fort Pierce:

Kafahni Nkrumah
Renee Sihvola

July 15, 2026

The Honorable Jill Pryor
The Honorable Robert Luck
The Honorable Virginia Covington
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re: *United States v. Gilbert*, No. 20-12010
Oral Argument Heard September 18, 2025
Reply to Government's Response to Letter of Supplemental Authority Pursuant to Fed. R. App. P. 28(j), on *United States v. Carter*, ___ F.4th ___, 2026 WL 1944039 (11th Cir. July 6, 2026)

Dear Judge Pryor, Judge Luck, and Judge Covington:

The government claims that *Carter* has no bearing on "the question here"—"realistic probability." Setting aside that the government did not raise "realistic probability" in its brief, the Supreme Court and this Court's precedent *support* Gilbert's argument that his priors are not ACCA predicates.

Following *Taylor* and *Brown*, where there is a statutory mismatch involving a real substance, the statute is categorially overbroad and cannot be an ACCA predicate *even if* "it is highly unlikely that any [prosecutions] were based on the possession or sale of the particular substance, and no case reports involving individuals misusing it had been identified." *Brown v. United States*, 602 U.S. 101, 109–10 (2024); *see also United States v. Taylor*, 596 U.S. 845, 858–59 (2022) (rejecting argument that defendants must show actual prosecution); *United States v. Lightsey*, 169 F.4th 1241, 1252 (11th Cir. 2026) (*Taylor* "clearly set forth" a new mode of analysis for the categorical approach, abrogating conflicting prior precedent).

| Miami | Ft. Lauderdale | West Palm Beach | Ft. Pierce |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 250 South Australian Avenue | 109 North 2nd Street |
| Suite 1700 | Suite 1100 | Suite 400 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | Fax: (561) 247-7094 | |

Post-*Brown* and *Taylor*, neither this Court nor others require the defense to show an actual state prosecution involving the non-federally-controlled substance. *See United States v. Miller*, 157 F.4th 1365 (11th Cir. 2025) (holding Florida cocaine prior not ACCA predicate, without finding realistic probability of ioflupane prosecutions); *United States v. Ferguson*, 163 F.4th 541, 545 n.2 (8th Cir. 2026) (holding statute that "unambiguously" criminalizes all cocaine isomers not ACCA predicate without requiring further "realistic probability" showing).

As *Carter* confirmed, "*Duenas-Alvarez, Chamu*, and *Ramos* [1] are all immigration law decisions involving petitioners who bore the burden"; here, "by contrast, *the government bore the burden*[.]" 2026 WL 1944039, at *6 (emphasis added). The government failed to meet its burden, given the mismatch in the plain language of the Florida and Federal statutes, and Gilbert's *unrebutted* expert declaration. As in *Brown* and *Miller*, the clear statutory mismatch involving an indisputably real substance resolves this case.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

*/s/ Kate Taylor*
Kate Taylor
Assistant Federal Public Defender

cc: AUSA Alexandra Bailey

---

[1] *Ramos v. Att'y Gen.*, 709 F.3d 1066, 1071–72 (11th Cir. 2013) ("*Duenas–Alvarez* does not require [showing that the state would prosecute] when the statutory language itself, rather than "the application of legal imagination" to that language, creates the "realistic probability[.]")